CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 1 5 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>ODD FELLOWS HOME OF VIRGINIA, INC.,<br><br>*Defendant.* | CIVIL ACTION NO. 6:04-CV-00046<br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's 12(b)(1) Motion to Dismiss, filed January 31, 2005. For the reasons stated below, the Court DENIES Defendant's Motion to Dismiss.

## I. BACKGROUND

On September 30, 2004, the Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a complaint against Odd Fellows Home of Virginia ("Odd Fellows") alleging that Odd Fellows violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). The suit resulted from two separate charges filed with the EEOC by Shelby Staples ("Staples"), a former employee of Odd Fellows. Staples's first charge, filed on December 2, 2003, alleged that Odd Fellows denied her a salary increase in retaliation for her participation in an unrelated EEOC investigation. In Staples's second charge, filed on April 28, 2004, she alleged that Odd Fellows discharged her for participation in the same investigation.

1

After investigating the charges, the EEOC issued a "letter of determination" to Odd Fellows on August 10, 2004, which stated the factual bases for the EEOC's determination that there was reasonable cause to support the truth of Staples's claims and invited Odd Fellows to participate in conciliation. On August 20, 2004, Odd Fellows expressed its good faith intention to conciliate. The parties engaged in conciliation efforts until the EEOC terminated conciliation on September 29, 2004. One day later, the EEOC filed this lawsuit against Odd Fellows on behalf of Staples. Odd Fellows now moves to dismiss under Rule 12(b)(1), arguing that the EEOC has failed to fulfill the statutory requirements of Title VII that would grant this Court subject matter jurisdiction over the present case.

## II. STANDARD OF ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the subject matter jurisdiction of an action brought in federal court and places the burden of proof upon the party asserting that jurisdiction exists. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There are two alternative methods to contest subject matter jurisdiction. A party may allege that the complaint was jurisdictionally deficient on its face, or it may contend that the jurisdictional allegations in the complaint are not true. *Id.* If the defendant chooses the latter method, as Odd Fellows has done in the present case, a district court may consider and weigh evidence outside the pleadings, such as affidavits and depositions, "without converting the proceeding to one for summary judgment." *Id.*

## III. DISCUSSION

In its Motion to Dismiss, Odd Fellows argues that the Court does not have subject matter jurisdiction over this case due to the EEOC's failure to comply with the jurisdictional

requirements of Title VII. For the EEOC to maintain subject matter jurisdiction in federal court, it must: (1) file a timely charge of discrimination; (2) serve notice of the charge within ten days of the issuance of the charge; (3) investigate the charge; (4) make a determination; (5) fail in a good-faith attempt to conciliate the charge with the defendant; and (6) give written notice to the defendant that conciliation has failed. 42 U.S.C. § 2000e-5(a), (b), (e), & (f)(1) (2003); *EEOC v. Wayside World Corp.*, 646 F. Supp. 86, 87 (W.D. Va. 1986). Odd Fellows asserts that the EEOC failed to meet two of these requirements—that the charges be timely filed and that the EEOC make a good-faith attempt at conciliation.

## A. Timeliness of the Charges

First, Odd Fellows alleges that the EEOC failed to meet the requirement of timely filing the charges of discrimination. Although both of Staples's charges were filed within the 180-day period as required by Title VII, Odd Fellows argues that Staples's second charge was not verified, as is required by Title VII, and thus was not timely filed.[1] Charges are considered verified for purposes of Title VII when they are "in writing under oath or affirmation." 42 U.S.C. § 2000e-5(b) (2003); *see Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112 (2002). Staples used nearly identical "Charge of Discrimination" forms for both her first and second charges. These forms contain a left and a right box at the bottom of the form. The left box states, "I declare under penalty of perjury that the above is true and correct," and provides a space where the charging party may affirm the statement with the party's signature. The right box contains the similar affirmation, "I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief," to be signed by the complainant and also to

---

[1] Odd Fellows does not contest, for purposes of this proceeding, that Staples's first charge was properly verified and timely filed.

3

be notarized. The right box, which requires the signature of a notary, is only to be completed "[w]hen necessary for State and Local Agency [r]equirements," as is stated directly above the affirmation in the right box. In Staples's first charge, Staples signed both the left and right boxes and the right box also was notarized. In the second charge, Staples signed only the left box, leaving the right box neither signed nor notarized. Odd Fellows argues that Staples's failure to complete the right box leaves her charge unverified.

However, when Staples signed her name in the left box in the second charge, Staples declared "under penalty of perjury that the above [charge] is true and correct." Therefore, Staples affirmed the second charge to be true under penalty of perjury, thereby fulfilling Title VII's requirement that the charge be "in writing under oath or affirmation" in order to be considered verified. 42 U.S.C. § 2000e-5(b) (2003). Odd Fellows has not provided and this Court has not found any law that requires an oath or affirmation be notarized to be considered verified for purposes of Title VII. Moreover, Odd Fellows has not provided and this Court has not been able to find any law that suggests that the written affirmation contained in the left box of the "Charge of Discrimination" form and signed by Staples is otherwise inadequate for the purposes of verification. Furthermore, the function of verification, that of "protecting employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for *perjury*," *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 113 (2002) (emphasis added), has been fully served by the signing of the affirmation in the left box under penalty of perjury.[2] Accordingly, this Court finds that Staples's

---

[2] Since this Court finds the second charge was verified at the time it was filed, Odd Fellows's allegation that the EEOC failed to look out for the "employer's interest by refusing to call for any response to an otherwise sufficient complaint until verification has been supplied" is rendered moot. Reply Memorandum in Support of Motion for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1) at 3–4 (citing *Edelman v. Lynchburg*

4

second charge was verified, and thus the Court rejects Odd Fellows's claim that this case should be dismissed for lack of jurisdiction because the EEOC did not meet its requirement of timely filing the charges under Title VII.

**B. Conciliation Efforts**

Odd Fellows also alleges that the EEOC did not make a good-faith attempt to conciliate the charges, as is required by Title VII. For the EEOC to fulfill its conciliation requirement, Title VII requires that: (1) the conciliation attempt last at least thirty days, 42 U.S.C. § 2000e-5(f)(1) (2003); and (2) the EEOC make a good-faith attempt to conciliate. *EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir. 1979). Odd Fellows does not dispute that the conciliation process lasted more than thirty days (from August 10 until September 28). However, Odd Fellows contends that the EEOC did not engage in an good-faith effort to conciliate.

When evaluating the EEOC's behavior during the conciliation process, "the scope of judicial review . . . is exceedingly narrow." *EEOC v. Newtown Inn Assocs.*, 647 F. Supp. 957, 959 (E.D. Va. 1986); *see also EEOC v. Optical Cable Corp.*, 169 F. Supp. 2d 539, 543 (W.D. Va. 2001); *EEOC v. Wayside World Corp.*, 646 F. Supp. 86, 89 (W.D. Va. 1986). After the EEOC has fulfilled its thirty-day requirement, the Court's analysis of the EEOC's conciliation efforts is limited to an arbitrary and capricious standard of review. In order to find that the EEOC did not make a good-faith attempt at conciliation, a court must conclude that the Commission's decision was "so arbitrary and capricious as to be an abuse of the discretion

---

*College*, 535 U.S. 106, 115 (2002)). In addition, this Court need not address Odd Fellows's legal argument that an unverified charge makes the charge untimely. Even so, the Court believes that this assertion is unlikely, given the Supreme Court's holding in *Edelman v. Lynchburg College*, 535 U.S. at 112–13.

5

granted it by Congress." *Newtown Inn Assocs.*, 647 F. Supp. at 959 (citing *EEOC v. Canadian Indem. Co.*, 407 F. Supp. 1366 (C.D. Cal. 1976)).

The parties' descriptions of the conciliation process, as provided in both sides' affidavits, are largely consistent with each other. The process began on August 10, 2004, when the EEOC issued a letter to Odd Fellows inviting them to participate in conciliation. On August 20, Odd Fellows replied by letter that they would be willing to conciliate. On August 25, Odd Fellows informed the EEOC of Odd Fellows's outstanding offer of settlement with Staples's personal attorney.[3] The EEOC informed Odd Fellows that Staples's personal attorney was no longer involved with the conciliation process. Odd Fellows inquired what conciliation terms the EEOC was seeking, and the EEOC replied that it would first have to discuss the terms with Staples. On September 2, after both parties allegedly made failed attempts to contact one another, the EEOC informed Odd Fellows that Staples would require $50,000 in compensatory damages, $1,200 in medical expenses, and reinstatement to her former position at Odd Fellows.[4] On September 20, Odd Fellows responded with an offer of $25,000 and no possibility of reinstatement. The same day, the EEOC allegedly conferred with Staples, during which time Staples informed the EEOC she had incurred $11,000 in legal expenses. Therefore, the EEOC determined that Odd Fellows's offer was inadequate.

On September 23, the EEOC informed Odd Fellows that their offer of $25,000 was not acceptable and that the EEOC would require an additional $11,000 in legal expenses added on to their original request. On September 24, the EEOC informed Odd Fellows they would require an

---

[3] Unless otherwise stated, all communications between the parties occurred via telephone.

[4] This is not the statutory maximum for monetary rewards, as Odd Fellows contends. The relevant Title VII cap of $50,000 does not include back pay, front pay, and interest on back pay. *See* 42 U.S.C. § 1981a (2003).

Case 6:04-cv-00046-NKM-mfu Document 12 Filed 08/15/05 Page 6 of 10 Pageid#: 101

offer substantially closer to their original demand by September 27, or else the EEOC would deem conciliation to have failed. On September 27, Odd Fellows contacted the EEOC and informed it that Odd Fellows needed more time, due to the difficulties arising from contacting all the members of its Board of Directors. The EEOC gave Odd Fellows until the next day, and informed Odd Fellows that they would deem conciliation to have failed if they did not receive a reply by the close of business on September 28. On September 28, Odd Fellows did not contact the EEOC. Consequently, the EEOC issued a letter to Odd Fellows stating that conciliation had failed. On September 30, the EEOC filed suit against Odd Fellows.

Odd Fellows asserts that the EEOC's $11,000 increase in their second demand and their "short deadline for compliance," along with Odd Fellows's willingness to consider both offers, suggests that the EEOC did not act in good faith when attempting to settle this matter out of court. In support of its argument, Odd Fellows relies on *EEOC v. Asplundh Tree Expert Company*, 340 F. 3d 1256 (11th Cir. 2003), one of the few cases in which a court found that the EEOC conducted conciliation in bad faith. However, the facts in *Asplundh* can be distinguished from the present case. In *Asplundh*, the EEOC conducted an investigation for thirty-two months before issuing a conciliation agreement requesting the defendant to respond within twelve days. *Id.* at 1258.

> The proposal sought, *inter alia*, both reinstatement and front pay (despite the termination of the project on which Lewis had worked and the closure of the Gainesville office in 1996). It would also have required Asplundh to provide nationwide notice to its employees of Lewis' allegations and to conduct, within ninety days, nationwide anti-discrimination training of all its management and hourly employees. The proposal did not identify the EEOC's theory of Asplundh's liability for GRU employee Evan's alleged racial harassment of Lewis.

*Id.* Furthermore, the EEOC did not respond to defendant Asplundh's request for additional time

7

but terminated conciliation efforts the very next day after Asplundh made the request. *Id.* at 1258–59. The proposal in *Asplundh* included no theory of liability and requested an impossible remedy. In the instant case, the EEOC's theory of liability against Odd Fellows was clearly explained and the remedy requested was statutorily acceptable and objectively reasonable. Moreover, the EEOC in *Asplundh* did not even respond to the defendant's reasonable request for an extension of the deadline, but failed conciliation efforts without even hearing a counteroffer. Here, the EEOC considered Odd Fellows's counteroffer and later granted Odd Fellows additional time to respond.

The facts and reasoning of *EEOC v. Newtown Inn Associates*, 647 F. Supp. at 959–60, appear to be more applicable to the present circumstances. In *Newtown Inn*, the EEOC requested front pay or reinstatement as well as back wages and interest for both charging parties. *Id.* at 959. The EEOC also requested reinstatement and back wages for five additional individuals. *Id.* Later, after the parties conducted four conciliation conferences within approximately one month, the EEOC stated that they would fail conciliation unless an additional conference was scheduled and an offer of "full relief" was tendered within twelve days. *Id.* The court in *Newtown Inn* reasoned:

> [T]he EEOC identified alleged violations of Title VII and provided the defendants every opportunity to comply with what the EEOC perceived to be necessary to rectify the transgressions. . . . [The defendant's] settlement offers never included what the EEOC determined was necessary to provide full relief. While trial on the merits may ultimately prove the defendants right, Congress has given the Commission the power to determine initially what Title VII requires by allowing them to determine what is an "acceptable agreement". Since the defendants never offered to execute a conciliation agreement acceptable to the Commission, this Court cannot say that EEOC's decision to terminate conciliation efforts was arbitrary or capricious.

*Id.* at 960 (citations omitted). As in *Newtown Inn*, the EEOC in the present case made

8

reasonable settlement requests, conducted conciliation for over one month, and then warned that if the defendant did not tender a more acceptable offer within three days, the EEOC would fail conciliation.[5] Odd Fellows was given a deadline of September 27, 2004. On September 27, Odd Fellows requested more time and the EEOC yielded Odd Fellows another day. Odd Fellows did not respond. Consequently, the EEOC issued a letter stating conciliation had failed. There is no evidence that Odd Fellows contacted or attempted to contact the EEOC on September 28, the new deadline, or during the immediately following days. The fact that the EEOC increased its monetary demand after learning of Staples's legal fees appears to be within the discretion of the EEOC to determine an appropriate remedy. *See* 42 U.S.C. § 2000e-5(f)(1) (2003); *see also EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978) ("[A] court should not examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide. . . ."). Because this Court finds that the EEOC sufficiently informed Odd Fellows of the case and theory of liability, made reasonable conciliation offers, and allowed Odd Fellows time to respond, the Court cannot say the EEOC's decision to terminate conciliation was arbitrary and capricious given the latitude afforded the EEOC in matters of conciliation. Therefore, the Court finds that the EEOC met the requirement of an attempt of good-faith conciliation under Title VII.

For the reasons stated above, the Court finds that the EEOC timely filed its charges of discrimination and that the EEOC engaged in good-faith conciliation efforts. Since the EEOC has fulfilled all the jurisdictional prerequisites in dispute, this Court holds that it has subject

---

[5] In the present case, the EEOC did not request "full relief," but merely requested a monetary amount "substantially closer" to their original demand. (Underwood Aff. ¶ 24).

matter jurisdiction over the instant case. Accordingly, the Court DENIES Defendant's Motion to Dismiss.

An appropriate Order shall issue.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion to all Counsel of Record.

ENTERED: /s/ Norman K. Moon
U.S. District Judge
August 15, 2005
Date

Case 6:04-cv-00046-NKM-mfu Document 12 Filed 08/15/05 Page 10 of 10 Pageid#: 105